**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN LLOYD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:25-cv-00835-JLS |
| | : | |
| WOLF & KLINE PROPERTY | : | |
| MANAGEMENT INC., *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**Schmehl, J. -** */s/ JLS*                                                                **APRIL 10, 2026**

**I.        INTRODUCTION**

*Pro Se* Plaintiff, Susan Lloyd, brings this action alleging the United States Department of

Housing and Urban Development ("HUD") committed Fourteenth Amendment equal protection

"class of one violations" by failing to determine reasonable cause existed to support her fair

housing complaint alleging discriminatory housing practices by her landlord, Wolf & Kline

Property Management ("the Landlord"). ECF No. 44, Second Am. Compl., ¶¶ 11-34. Although

Lloyd invoked the Fair Housing Act ("FHA") in various filings, she stated in her response in

opposition to HUD's Motion to Dismiss that she is not bringing a claim under the FHA and her

"only cause of action is for equal protection class of one violations."[1] ECF No. 46, ¶ 6.

---

[1] The Court will therefore not address a claim against HUD under the FHA but notes
HUD is correct in asserting the FHA provides no express or implied right of action against HUD
or its officers. *Humphries v. U.S. Dep't of Hous. & Urb. Dev.*, No. 24-CV-4184, 2024 WL
4988975, at *4 (E.D. Pa. 2024).

HUD moves to dismiss Lloyd's claims brought against it in her Second Amended Complaint, arguing that 1) Lloyd failed to identify "similarly situated" persons to establish an Equal Protection claim and has further failed to explain why HUD's alleged differential treatment in dismissing her fair housing complaint lacked a rational basis; 2) Lloyd has an adequate remedy in a court, as she is free to sue the landlord for her alleged injuries under the FHA, and therefore this Court does not have jurisdiction under the APA to review HUD's dismissal of Lloyd's fair housing complaint; and 3) HUD's decision not to undertake enforcement action regarding Lloyd's fair housing complaint is a matter committed to agency discretion by law. ECF No. 45, pp. 2-3.

## II.    <u>BACKGROUND</u>

Lloyd moved into her apartment at the Landlord's property, Paradise Meadows, on February 15, 2023. ECF No. 25, Am. Compl. ¶ 15; ECF No. 25-1 at 37. On October 29, 2024, Lloyd emailed the Landlord, identifying herself as a person with a disability who suffers from respiratory issues and requesting a designated smoking area at Paradise Meadows as a reasonable accommodation. ECF No. 44-2, Reasonable Accommodation Request; ECF No. 44, ¶ 35.

The following day, October 30, 2024, Paradise Meadows staff responded to Lloyd advising that, as outlined in her lease agreement, Paradise Meadows is not a smoke-free community. Although smoking is not permitted inside buildings, it is allowed in outdoor areas. ECF No. 25-1 at 3. The staff further indicated that creating a specific designated smoking area for individual residents or imposing restrictions on other tenants and guests would not meet the criteria for a reasonable accommodation. *Id*. Finally, the staff told Lloyd she could relocate within Paradise Meadows. Because Lloyd's lease was month-to-month, she could also provide 60-day notice and vacate at any time. *Id.*

Lloyd filed a fair housing complaint against the Landlord with HUD's Fair Housing Equal Opportunity Office ("FHEO") on November 7, 2024. *See* ECF No. 45-1. Lloyd stated that although she lived in a smoke-free building, ongoing smoking by her neighbors was affecting her asthma. *Id.* She explained she believed herself to be a victim of discrimination because the Landlord had denied her request for a reasonable accommodation to designate a smoking area far from her building. *Id.*

On November 20, 2024, FHEO issued a determination dismissing Lloyd's complaint because the issues raised were insufficient to proceed under the law. *See* ECF No. 45-2. FHEO dismissed Lloyd's complaint because it determined that her request would require the establishment of a new policy, and, by contrast, a reasonable accommodation involves changes, exceptions, or adjustments to a program, service, or procedure that allow a person with a disability to have equal enjoyment of the housing program. ECF No. 45 at 7; 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204.

## III.    **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of establishing a court's jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "It is 'presumed that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.'" *Pupis v. U.S. Postal Serv.*, No. CV 06-4358, 2007 WL 9810907, at *2 (E.D. Pa. 2007) (citing *Philadelphia Federation of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

To establish facial plausibility and survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Further, evaluating a motion to dismiss for failure to state a claim is a two-pronged approach. *Id.* First, although the Court assumes all factual allegations in the complaint are true, no such assumption exists for legal conclusions. *Id.* The Court first identifies all conclusions in the complaint not entitled to an assumption of truth, then reviews all well-pleaded factual allegations and decides if they "plausibly give rise to an entitlement to relief." *Id.* at 679.

## IV.    **DISCUSSION**

Lloyd alleges HUD deprived her of Equal Protection under the Fourteenth Amendment based on a "class of one" theory. Second Am. Compl. ¶¶ 11-30; 32-33. Because the Fourteenth Amendment does not apply to actions by the federal government, the Court interprets Lloyd's Equal Protection claim against HUD to be brought under the Fifth Amendment. *See United States v. Edwards*, 98 F.3d 1364,1368 (D.C.Cir.1996) (holding "the fourteenth amendment does not apply to the federal government; an equal protection challenge to the statute must be raised under the fifth amendment instead"). Under the "class of one" theory, a plaintiff states a claim for a violation of the Equal Protection clause when he or she alleges they have been "intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074).

Here, Lloyd's fair housing complaint "could not be accepted for investigation" by HUD because Paradise Meadows—the property about which Lloyd complained—"is not a recipient of federal housing subsidies. Therefore, it is not subject to HUD's requirements and regulations for

public housing providers." ECF No. 45-3, Decl. of Rachel Leith. Even if Lloyd could have successfully alleged a difference in treatment based on HUD's actions in other similar situations, she failed to demonstrate the absence of a rational basis upon which the differential treatment was based, because the comparisons that she raised involve properties that receive HUD subsidies. *See* ECF No. 48 at 3-5. Lloyd has therefore failed to establish an Equal Protection claim under the "class of one" theory.

Separately, Lloyd's action against HUD must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Court does not have subject matter jurisdiction over this case. As a sovereign, the United States is immune from suit, except when it consents to be sued. *United States v. Mitchell*, 463 U.S. 206 (1983). Although the Administrative Procedures Act ("APA") provides a broad waiver of sovereign immunity, that waiver is limited by a provision that only permits judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, the APA does not waive the government's immunity from suit if the plaintiff has an alternate adequate remedy for her alleged injury.

In a case involving an alleged FHA violation, the Third Circuit determined that "a private right of action against individual housing providers that receive federal funding is provided for in the text of the statute [the FHA]. This remedy is clearly 'adequate' in the section 704 [of the APA] sense, and so judicial review is inappropriate on all counts." *American Disabled for Attendant Programs Today v. U.S. Department of Housing and Urban Development*, 170 F.3d 381, 390 (3d. Cir. 1999). Courts have found that where a plaintiff is able to bring suit against the alleged discriminator, an agency's decision not to pursue the claim is not reviewable, because the plaintiff has an adequate remedy in court. *See Turner v. Sec'y of U.S. Dep't of Hous. & Urban*

*Dev.*, 449 F.3d 536, 541 (3d Cir. 2006) (holding 5 U.S.C. § 704 bars judicial review when plaintiff may pursue an alternative remedy even if they are unsuccessful).

Lloyd has an adequate remedy in court. She can sue the Landlord for her alleged injuries under the FHA, and she has in fact done so, which resulted in settlement. *See* ECF Nos. 1 (Complaint); 25 (Amended Complaint); 37 (Order dismissing less than all Defendants). As a result, this Court does not have jurisdiction under the APA to review HUD's dismissal of Lloyd's fair housing complaint.

It is not necessary to analyze further, but additionally, HUD's decision not to undertake enforcement action in response to Lloyd's fair housing complaint is a matter committed to agency discretion by Congress, and there is a strong presumption against judicial review of such a decision under § 701(a)(2) of the APA. *See* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985); *Wasseff v. Nat'l Inst. of Health*, No. CV 16-703, 2017 WL 495795, at *14 (E.D. Pa. 2017).

## IV.    CONCLUSION

For the reasons stated above, Lloyd's claims against HUD fail and HUD's Motion to Dismiss will be granted.